EDWARD D. CLARK, RELATOR, v. EDWARD M. SEARING,
INCUMBENT.

Argued November 6, 1903—Decided February 23, 1904.

Under special circumstances, the application made in this case for
leave to file an information in the nature of a *quo warranto*, in
the name of the attorney-general, is denied.

---

On rule to show cause why leave should not be granted to
file an information in the nature of a *quo warranto* in the
name of the attorney-general.

Before Justices FORT and PITNEY.

For the relator, *Willard W. Cutler*.

For the incumbent, *Benjamin W. Ellicott* and *John B.
Vreeland*.

The opinion of the court was delivered by

PITNEY, J. This is an application, made under section 1
of the revised act relating to informations in the nature of a
*quo warranto* (*Pamph. L.* 1903, *p.* 375), for leave to file an
information in the name of the attorney-general to test the
title of the incumbent to the office of town treasurer of the
town of Dover. The relator claims the same office. If he
believes himself lawfully entitled thereto he may, as a matter
of right, file an information in his own name under section 4
of the same act. The present application is addressed to the
discretion of the court.

In all essential respects the facts of the case are precisely
similar to those presented in the case of Tillyer *v.* Minder-
mann, in which an opinion has just been delivered. The only
difference is in the office involved and the *personnel* of the
parties.

The legal situation is less favorable to the present relator. He claims to be entitled to the remnant of a three-year term as treasurer by force of a general act that is claimed to modify section 7 of the charter of Dover. *Pamph. L.* 1869, *p.* 1161. The only act relied on is "An act respecting the term of office of treasurer in towns," approved April 1st, 1897. *Pamph. L., p.* 149. It declares that "the term of office of the town treasurer in the towns of this state shall be for the period of three years *from the time when said term shall commence, as now provided by law.*" It contains a general repealer of inconsistent legislation. A comparison of this statute with the act approved March 9th, 1896, entitled "An act respecting the term of office of the collector of taxes, town assessor and town clerk in towns" (*Pamph. L.* 1896, *p.* 55), shows a close similarity of phrase between them. For reasons expressed in the opinion of Vreeland *v.* Pierson, just decided, we have doubt whether this act has applicancy to towns where no term of office had been previously provided by law for the treasurer. This point was not presented in the case of *Reid* v. *Gorsuch,* 38 *Vroom* 396, and is not concluded by that decision.

It is not necessary to decide the question at this time, however, since all the reasons that moved us to deny the application for leave to file an information in Tillyer *v.* Mindermann exist in the present case.

The application will be denied and the rule to show cause discharged, with costs.